IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

QUINCY CARPENTER                                                    PETITIONER

VERSUS                                      CIVIL ACTION NO. 3:07cv220-HTW-LRA

STATE OF MISSISSIPPI                                                RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner is a inmate incarcerated at the Hinds County Detention Center, Jackson, Mississippi. Petitioner filed a motion for a writ of mandamus [1-1]. The Petitioner states that the state trial court should "hold a hearing on his motion to dismiss for failure to indict the petitioner." (Pet. p. 1). In the instant civil action, the Petitioner requests that this Court order the state trial court to hear the petitioner's motion to dismiss.

It appears to this Court that the Petitioner relies upon 28 U.S.C. § 1361. That section grants this Court original jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361 (emphasis added). Federal courts have no authority under section 1361 "to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275-76 (5th Cir. 1973) (emphasis added); see also Noble v. Cain, 123 Fed.Appx. 151, *152, 2005 WL 361818, **1 (5th Cir. 2005); Rhodes v. Keller, 77 Fed.Appx 261, 2003 WL 22309132, **1(5th Cir. 2003); Santee v. Quinlan, 115 F.3d 355, 356-57 (5th Cir. 1997).

The respondent is not an officer or employee of the United States and therefore, is not subject to the statutory mandamus authority of this Court.  Therefore, this Court does not have jurisdiction in the nature of mandamus, under 28 U.S.C. § 1361, to direct the respondents to comply with Petitioner's requests.  Further, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976).  "Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Id. at 403.

## CONCLUSION

This Court does not have jurisdiction to issue a writ of mandamus to direct the Respondent to enter a ruling or make a decision on the Petitioner's motion to dismiss pending before the state trial court.  Therefore, Petitioner's motion for a writ of mandamus [1-1] is DENIED.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 30th day of May, 2007.

                                                  s/ HENRY T. WINGATE
                                                  CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:07-cv-220 HTW-LRA
Memo Opinion